**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

STEVEN MOLE,

                         Plaintiff,

    v.                                              No. 02-CV-584
                                                     (GLS/DRH)

DR. VADLANDI, Physician at Marcy
Correctional Facility; MS. DOVLEY, Nurse at
Marcy Correctional Facility; P. SMITH, Nurse
at Marcy Correctional Facility; and KANG
LEE, Physician at Clinton Correctional
Facility,

                        Defendants.

---

**APPEARANCES:**                                 **OF COUNSEL:**

STEVEN MOLE
No. 01-A-464
Plaintiff Pro Se
Franklin Correctional Facility
62 Bare Hill Road
Post Office Box 10
Malone, New York 12953

HON. ELIOT SPITZER                      CHRISTOPHER W. HALL, ESQ.
Attorney General for the                   Assistant Attorney General
    State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER
U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

Plaintiff pro se Steven Mole ("Mole"), an inmate in the custody of the New York State Department of Correctional Services (DOCS), brings this action pursuant to 42 U.S.C. § 1983.  Mole contends that the defendants, four DOCS employees, violated his constitutional rights under the Eighth Amendment by showing deliberate indifference to his serious medical needs. Am. Compl. (Docket No. 6).  Presently pending is defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56. Docket No. 30. Mole opposes the motion.  Docket No. 45. For the following reasons, it is recommended that defendants' motion be granted.

## I. Background

The facts are presented in the light most favorable to Mole as the non-moving party. See Ertman v. United States, 165 F.3d 204, 206 (2d Cir. 1999).

In 1997, Mole slipped and fell while incarcerated at Mount McGregor Correctional facility. Hall Affirm. (Docket No. 36), Ex. A at 14, 43. X-rays revealed that Mole had broken his hand several years before and the break had not properly healed. Id.; Vadlamudi[2] Aff. (Docket No. 33) at ¶ 12. Doctors who treated Mole indicated that this condition was not life-threatening and immediate surgery was not required. Vadlamudi Aff. at ¶ 13. Mole contends that defendant Smith, a nurse at Marcy Correctional Facility ("Marcy"), threatened Mole with misbehavior reports when Mole complained about his hand, assigned Mole to work which

---

[1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[2] Mole spelled this defendant's name as "Vadlandi" in the amended complaint.  The correct spelling is "Vadlamudi"  Vadlamudi Aff. (Docket No. 33).  The correct spelling will be used herein.

exacerbated his injury, and assigned Mole to a top bunk which Mole could not use due to his injury. Hall Affirm., Ex. A at 42-49.

Mole filed grievance number MCY8023-99 at Marcy on May 24, 1999. Mole requested that surgery be performed immediately. The grievance did not specifically refer to Vadlamudi or Smith. Hall Affirm., Ex. A at 77-78; Eagen Aff. (Docket No. 34) at ¶ 10 & Ex A. This grievance was denied with the explanation that surgery had been scheduled. Hall Affirm., Ex. A at 78-79; Eagen Aff. at Ex. A. The Inmate Grievance Resolution Committee ("IGRC") denied Mole's appeal because Mole was scheduled for surgery in June 1999. Hall Affirm., Ex. A at 81; Eagen Aff. at Ex A. This surgery was described as "elective" by the surgeon. Vadlamudi Aff. at ¶¶ 13-14 & Ex. A. Mole's appeal to the Central Office Review Committee ("CORC") was denied. Hall Affirm., Ex. A at 82-84. In this appeal, Mole stated that if DOCS refused to perform surgery, he wished the medical hold on him to be released. Id. at 85; Eagen Aff. at Ex. A. This was the only grievance filed by Mole at Marcy. Id. at ¶¶ 9-10. Surgery was scheduled for June 25, 1999. Vadlamudi Aff. at ¶ 67. The surgery was postponed because of Mole's cold and refusal to allow local anesthesia. Hall Affirm., Ex. A at 133. Mole denied refusing medical treatment. Id. at 139-40.

In April 2001, Mole was transferred to Clinton Correctional Facility ("Clinton") where he was under the care of defendant Lee. Hall Affirm., Ex. A at 50-51. While at Clinton, Mole claims that Lee refused to review his medical records or examine his hand and told Mole that there was nothing wrong with his hand. Id. at 54-56, 64. Mole was provided with a brace and ibuprofen, which Mole said helped him. Id. at 54, 56. Mole did not file a grievance for the medical care he received at Clinton. Id. at 75. This action followed.

3

## II. Discussion

### A. Summary Judgment Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law and do not include irrelevant or unnecessary facts. Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must then set forth facts showing that there is a genuine issue for trial. They must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs., 122 F.3d 1219, 1223 (2d Cir. 1994).  Additionally, pro se litigants should generally be afforded "special solicitude" regarding motions for summary judgment. Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

## B. Exhaustion

Defendants contend that Mole failed to exhaust his administrative remedies as to defendant Lee. The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, -803(d), 110 Stat. 1321-66, -71 (1996), subjects suits concerning prison conditions brought under federal law to certain prerequisites. Specifically, the PLRA dictates that a prisoner confined to any jail, prison, or correctional facility must exhaust all available administrative remedies prior to bringing any suit concerning prison life, be it in general or of a particular episode. See 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 532 (2002). Administrative remedies include all appellate remedies provided within the system. Fletcher v. Haase, No. 99 CIV. 9549(GEL), 2002 WL 313799, at *1 (S.D.N.Y. Feb. 27, 2002). However, there may be special circumstances that render administrative remedies unavailable and the exhaustion requirement may be fulfilled by an inmate's reasonable belief that certain actions have sufficed to exhaust fully administrative remedies. Abney v. McGinnis, 380 F.3d 663 (2d Cir. 2004); Giano v. Goord, 380 F.3d 670 (2d Cir. 2004); Hemphill v. New York, 380 F.3d 680 (2d Cir. 2004).

DOCS has established a grievance process which includes a three-stage review and appeal. See N.Y. Correct. Law § 139 (McKinney 2003); N.Y. Comp. Codes R. & Regs. tit.7, § 701.1-.16 (2004). When an inmate files a grievance, it is investigated and reviewed by the IGRC. If the grievance cannot be resolved informally, a hearing is held. The IGRC decision may be appealed to the Superintendent of the facility. Finally, an inmate may appeal the Superintendent's decision to the CORC. N.Y. Comp. Codes R. & Regs. tit.7, § 701.7(a) (2004).

As noted above, Mole filed a grievance while at Marcy. This grievance sufficed for exhaustion purposes for events that occurred at Marcy. However, Mole did not file any grievance at Clinton where he was treated by Lee. Mole argues in his opposition papers that medical matters are not grievable. Docket No. 45. First, Mole filed a grievance as to medical care at Marcy. Thus, he was aware that complaints about medical care could be raised in grievances. In addition, Mole makes no showing that there were any circumstances that rendered the grievance process at Clinton unavailable or that he was prevented from filing grievances at Clinton due to any DOCS official's actions. Abney, 380 F.3d at 670; Giano, 380 F.3d at 679. Thus, any claims arising from events that took place at Clinton are not exhausted.

It is recommended that defendants' motion for summary judgment as to Lee should be granted on this ground.

### C. Personal Involvement

Defendants contend that Mole fails to show the personal involvement of Smith. "'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). If a defendant participated in the alleged constitutional deprivation, this is sufficient personal involvement. Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995). While DOCS policy stated that nurses did not treat or diagnose patients, Mole asserts that Smith showed deliberate indifference to his medical needs. Am. Compl.; Smith Aff. at ¶ 6. Defendants argue that Smith was not

6

personally involved in the alleged constitutional deprivation because his actions were limited to writing medical excuse forms for Mole. Smith Aff. at ¶¶ 14-16. However, nurses at DOCS carried out treatment plans for patients, providing a basis for personal involvement. Viewing the facts in the light most favorable to Mole, there is sufficient evidence to raise questions of material fact regarding whether Smith was personally involved in the alleged deprivation of Mole's medical treatment.

Therefore, it is recommended that defendants' motion for summary judgment on this ground be denied.

### D. Eighth Amendment

Mole contends that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by showing deliberate indifference to his hand injury. Defendants contend that Mole fails to state an Eighth Amendment claim.

The Eighth Amendment prohibits the infliction of cruel and unusual punishments. U.S. Const. amend. VIII. This imposes a duty on prison officials to take "reasonable measures to guarantee the safety of inmates." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). To establish a violation of the Eighth Amendment, an inmate must show (1) a deprivation that is, objectively, sufficiently serious and that he was denied the minimal civilized measure of life's necessities, and (2) a sufficiently culpable state of mind on the part of the defendant official, such as deliberate indifference to inmate health or safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001).

In the case of a prisoner asserting an Eighth Amendment claim for denial of medical

care, the prisoner must allege that prison officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 103 (1976). The plaintiff must demonstrate that defendants denied, delayed, or interfered with necessary medical treatment with deliberate indifference. Id. Mere allegations of inadvertent failure to provide adequate medical care or of negligent diagnosis fail to establish the requisite culpable state of mind. Estelle, 429 U.S. at 106; Rangolan v. County of Nassau, 217 F.3d 77, 79 (2d Cir. 2000). In addition, medical malpractice or disagreement over the proper course of treatment does not rise to the level of a constitutional violation merely because the patient is an inmate. Estelle, 429 U.S. at 106; Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998).

When determining whether an inmate has a serious medical need, courts look to the following non-exhaustive list of factors: (1) whether a reasonable doctor or patient would perceive the medical need in question as important and worthy of treatment; (2) whether the medical condition significantly affects daily activities; and (3) the existence of chronic and substantial pain. Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003). A serious medical need exists where "the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Hathaway v Barkely, 219 F.3d 132, 136 (2d Cir. 2000) (quoting Chance, 316 F.3d at 702). The absence of adverse effects or demonstrable physical injury is one of the factors that may be considered as well. Smith v. Carpenter, 316 F.3d 178, 187 (2d Cir. 2003).

Here, Mole did not complain of severe pain or that he could not participate in daily activities in his grievance or in his complaint. In fact, in August 1999, Mole signed a refusal of medical examination form stating that he did not need "meds" anymore because he was doing better and requested to have any medical hold removed. Vadlamudi Aff. at Ex. A. In

8

addition, there is no evidence that this injury would progress to a more serious injury or cause further pain. While there may be disputes over the extent of the injury and whether the surgery was elective, Mole's actions in failing to keep appointments and requesting to be taken off medications support the conclusion that the injury was not a serious medical need.

The deliberate indifference standard requires an inmate to show that the prison official knew that the inmate had a serious medical need and in turn acted with a conscious disregard of this need. Chance, 143 F.3d at 702. Each defendant must have acted with a sufficiently culpable and reckless state of mind, measured by a subjective standard. Farmer, 511 U.S. at 834. A review of Mole's ambulatory health record shows that Mole received frequent and extensive medical care for his hand, including visits to an orthopedic specialist, medication, braces, and X-rays and, in addition, surgery was scheduled.  Smith Decl. at Ex. A; Vadlamudi Aff. at Ex. A. On December 6, 1999, a doctor at Bare Hill Correctional Facility requested that surgery be rescheduled. Id.  Mole refused to go to medical appointments in August 1999 and January 2000. Id. Mole failed to report for an appointment on September 13, 1999. Id. On May 21, 2001,  Lee requested a consultation for Mole with an orthopedist after Mole was transferred to Clinton. Id.  All of these facts support defendants' contention that no defendant showed deliberate indifference to Mole's medical needs.

Therefore, because mole has failed to demonstrate either a serious medical need or deliberate indifference by any defendant, it is recommended that defendants' motion for summary judgment on this ground be granted.

### III. Failure to Serve Defendant Dovley

A summons was issued for defendant Dovley on July 25, 2002. See Docket Entry

dated 7/25/2002. This summons was returned unexecuted on August 20, 2002. Docket No. 12. Fed. R. Civ. P. 4(m) requires that a complaint be served upon a defendant within 120 days after the complaint is filed or the complaint may be dismissed as to any unserved defendant without prejudice.  <u>See also</u> N.D.N.Y.L.R. 4.1(b). The amended complaint here was filed on May 29, 2002 (Docket No. 6).  More than 120 days have passed since either the complaint was filed or the summons for Dovley was issued.  Accordingly, it is recommended that the amended complaint be dismissed as to defendant Dovley without prejudice pursuant to Rule 4(m) and Local Rule 4.1(b).

### IV.  Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that:

1. Defendants' motion for summary judgment (Docket No. 30) be **GRANTED** as to all claims and all defendants; and

2. The amended complaint be **DISMISSED** without prejudice as to Dovley; and

**IT IS ORDERED**  that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**

10

Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


DATED: November 23, 2004
       Albany, New York

                                                    *David R. Homer*
                                        United States Magistrate Judge